**Eli Gonzalo Zegarra CARDENAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73227.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 1, 2010.

Evelyn G. Zneimer, Esquire, Law Offices of Evelyn G. Zneimer, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, OIL, Jennifer Paisner Williams, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Eli Gonzalo Zegarra Cardenas, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion the denial of motions to reconsider or reopen, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we deny the petition for review.

The BIA did not abuse its discretion in denying Zegarra Cardenas' motion to reconsider because the motion failed to identify any error of law or fact in the BIA's March 21, 2008, order denying his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc) (purpose of a motion to reconsider is to demonstrate that the agency erred as a matter of law or fact).

To the extent the motion sought reopening, the BIA acted within its discretion in denying it as untimely and number-barred because the successive motion was filed eleven years after the BIA's March 17, 1997, order dismissing his appeal, *see* 8 C.F.R. § 1003.2(c)(2), and the evidence submitted with the motion failed to estab-lish Zegarra Cardenas acted with the due diligence required to warrant tolling of the time and number bars, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to petitioner who is prevented from filing due to deception, fraud or error, and who exercises due diligence in discovering such circumstances).

Zegarra Cardenas' remaining contentions are unavailing.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).